**Miscellaneous Docket No. 2013-161**

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
_____

*IN RE VIGILANT VIDEO, INC.,*
*AND THE CITY OF PORT ARTHUR, TEXAS*

*Petitioners.*
_____

*On Petition for Writ of Mandamus to the United States District Court for the*
*Eastern District of Texas, Marshall Division*
*Civil Action No. 2:10-CV-00173,*
*Hon. Rodney Gilstrap, United States District Judge*
_____

**JOHN B. ADRAIN'S RESPONSE TO VIGILANT VIDEO, INC. and**
**THE CITY OF PORT ARTHUR, TEXAS'S PETITION FOR**
**WRIT OF MANDAMUS**
_____

John T. Polasek
Texas Bar. No. 16088590
tpolasek@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
T: (832) 778-6000 / F: (832) 778-6010

Deborah Race
Texas Bar No. 16448700
drace@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500,     P.O. Box 7879
Tyler, Texas 75711
T: (903) 561-1600 / F: (903) 581-1071

*Attorneys for Respondent, John B. Adrain*

Table of Contents

I.  Relief Sought .................................................................................1

II.  Response to Issues Presented ...........................................................1

III.  Statement of Facts ........................................................................2

IV.  Reasons Why the Writ Should Be Denied .......................................5

V.  The Mandamus Standard Does Not Permit a Substitution of Discretion. .......7

VI.  There Is No Clearly Established Right to Summary Judgment. .....................8

  A.  The live claims do not fit within the *Mississippi Chemical* exception. .........10

    1.  Claim 6 is valid; it was not subject to reexamination. ...............................11

    2.  Claim dependency case law does not indisputably favor Petitioners. .......12

    3.  A preliminary uncontested statement by a lone patent examiner does not constitute the considered opinion of the United States Patent and Trademark Office. ..................................................................15

    4.  Limiting Claim 6 does not mandate summary judgment. .........................18

  B.  Delay waives procedural rights. ................................................19

VII.  There Is No Clearly Established Right to File Multiple Motions. .................22

VIII.  The Petitioners have Failed to Justify the Extraordinary Writ of Mandamus...................................................29

IX.    Conclusion and Prayer for Relief ..................................................................30

CERTIFICATE  OF SERVICE ................................................................................. ii

CERTIFICATE OF INTEREST ............................................................................. iii

# Table of Authorities

## Cases

*Amado v. Microsoft Corp.*,
  517 F.3d 1353 (Fed. Cir. 2008) ........................................................24

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .......................................................................10

*Applera Corp. v. MJ Research Inc.*,
  292 F.Supp.2d 348 (D. Connecticut 2003) .........................................14

*Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*,
  2012 U.S. Dist. LEXIS 170891 (D.Minn. Dec. 3, 2012) .....................14

*Berhnardt v. Richardson-Merrill, Inc.*,
  892 F.2d 440 (5th Cir. 1990) ...........................................................25

*Black v. J.I. Case Co., Inc.*,
  22 F.3d 568 (5th Cir. 1994) ................................................. 10, 19, 25

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois Foundation*,
  402 U.S. 313 (1971) ..................................................................... 5, 11

*Boston Scientific Corp. v. Micrus Corp.*,
  556 F.Supp.2d 1045 (N.D. Cal. 2008) ...............................................15

*Cheney v. U.S. Dist. Ct.*,
  542 U.S. 367 (2004) ........................................................................ 7, 8, 9

*Edwards v. Cass County, Tex.*,
  919 F.2d 273 (5th Cir. 1990) ................................................. 20, 21, 25

*Ex Parte Classen Immunotherapies, Inc.*,
  494 Fed.Appx. 87 (Fed. Cir. 2012) ...................................................16

*Farina v. Mission Inv. Trust*,
  615 F.2d 1068 (5th Cir. 1980) ..........................................................25

*Flexiteek Americas, Inc. v. Plasteak, Inc.*,
  2012 U.S. Dist. LEXIS 156086 (S.D.Fla. Oct. 31, 2012) ...................14

*Fresenius USA, Inc. v Baxter Int'l Inc.*,
___ F.3d ____, 2013 WL 3305736  (Fed. Cir. July 2, 2013)................. 17, 18, 30

*FTC v. Standard Oil Co.*,
449 U.S. 232 (1980) ................................................................................9

*Hernandez v. Brazoria County*,
21 F.3d 1108 (5th  Cir. 1994)................................................................20

*In Re AD-II Engineering, Inc.*,
249 Fed.Appx. 826 (Fed. Cir. 2007) .......................................................9

*In re BNY ConvergEx Group, LLC*,
404 Fed.Appx. 484 (Fed. Cir. 2010) .....................................................10

*In re Bridgeport Fittings, Inc.*,
367 Fed.Appx. 120 (Fed. Cir. 2009) .......................................................9

*In re Classen Immunotherapies, Inc*,
2012 WL 2885853 (Fed. Cir. June 15, 2012) ........................................16

*In re Cordis Corp.*,
769 F.2d 733 (Fed. Cir. 1985)................................................................7

*In re GenSci Orthobiologics, Inc.*,
10 Fed.Appx. 808 (Fed. Cir. 2001) .......................................................10

*In re Haney*,
121 F.3d 726 (Fed. Cir. 1997)................................................................9

*In re IXYS Corp.*,
148 Fed.Appx. 933 (Fed. Cir. 2005) .......................................................9

*In re Roche Molecular Systems*,
516 F.3d 1003 (Fed. Cir. 2008).........................................................7, 9

*In re Vistaprint, Ltd.*,
6278 F.3d 1432 (Fed. Cir. 2010) ............................................................8

*In re Volkswagen of America, Inc.*,
545 F.3d 304 (5th Cir.2008)...................................................................8

i

*In re Voter Verified, Inc.*,
    2010 WL 1816686 (Fed. Cir. 2010) ........................................................9

*In re VTech Comm., Inc.*,
    2010 WL 46332 (Fed. Cir. 2010) ..........................................................21

*In re Wyeth*,
    406 Fed. Appx. 475 (Fed. Cir. 2010) ....................................................21

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ..............................................................................24

*Mississippi Chem. Corp. v. Swift Agr. Chem. Corp.*,
    717 F.2d 1374 (Fed. Cir. 1983) .................................................... passim

*Petroleum Exploration, Inc. v. Public Service Commission*,
    304 U.S. 209 (1938) ................................................................................9

*Renegotiation Board v. Bannercraft Clothing Co.*,
    415 U.S. 1 (1974) ....................................................................................9

*Ryan v. Gonzales*,
    133 S.Ct. 696 (2013) ............................................................................25

*Scanner Technologies, Corp. v. ICOS Vision Systems Corp., N.V.*,
    528 F.3d 1365 (Fed. Cir. 2008) ............................................................15

*Shelcore, Inc. v. Durham, Indus., Inc.*,
    745 F.2d 621 (Fed. Cir. 1984) ........................................................ 6, 15

*Swift Agr. Chem. Corp. v. Farmland Indus., Inc.*,
    499 F.Supp. 1295 (D. Kansas 1980) .....................................................11

*United States v. Ruiz*,
    101 F.3d 697 (5th Cir. 1996) ................................................................25

*Will v. United States*,
    389 U.S. 90 (1967) ..................................................................................7

**Statutes**

35 U.S.C. § 282 ............................................................................... 6, 15

**Rules**

Fed. R. Civ. P. 62 ...............................................................................23

Local Rule CV-7(k) .............................................................................27

MPEP § 2260.01 ......................................................................... *passim*

# Table of Exhibits

**Exhibit 1**   September 14, 2010 Request for Reexamination of U.S. Patent No. 5,831,669

**Exhibit 2**   Adrain's Motion for Leave to Amend Disclosure of Asserted Claims and Infringement Contentions (Dkt. 121)

**Exhibit 3**   Adrain's Opposition to Defendants' Joint Motion for Summary Judgment (Doc. 132)

**Exhibit 4**   May 30, 2013 Request for Reexamination of U.S. Patent No. 5,831,669

**Exhibit 5**   Order on Motions and Amendment to the Docket (Dkt. 233)

**Exhibit 6**   June 26, 2013 Correspondence from counsel for Petitioners to counsel for Adrain

**Exhibit 7**   Petitioners' July 26, 2012 Letter Brief (Dkt. 115-1)

**Exhibit 8**   Petitioners' September 14, 2012 Letter Brief (Dkt. 118-1)

**Exhibit 9**   Petitioners' Second Motion for Summary Judgment (Dkt. 148)

**Exhibit 10**  Order Striking Petitioners' Second Motion for Summary Judgment (Dkt. 153)

**Exhibit 11**  Petitioners' Motion to Reconsider Claim Construction Order (Dkt. 170).

**Exhibit 12**  May 13, 2013 Memorandum Opinion and Order (Dkt. 181)

**Exhibit 13**  Petitioners' Motion to Dismiss (Dkt. 200).

**Exhibit 14**  Petitioners' Motion for Reconsideration of the Court's May 13, 2013 Memorandum Opinion and Order (Dkt. 202)

**Exhibit 15**  Petitioners' Emergency Motion for New Trial Date and New Scheduling Order (Dkt. 203)

## I.    Relief Sought

Respondent John B. Adrain asks that the Petition for Writ of Mandamus be denied in all respects.  The District Court correctly denied Petitioners' Motion for Summary Judgment with respect to Claim 6 and the District Court did not abuse its discretion in declining to further hear another summary judgment motion that Petitioners sought to file shortly before trial.

## II.    Response to Issues Presented[1]

1.  The District Court was well within its power and discretion to deny Petitioners' motion for summary judgment for Claim 6 and 2, and in so doing did not usurp any power reserved to the USPTO.

2.  The District Court was well within its power and discretion to deny Petitioners' motion for summary judgment as to Claims 30-32, 35-39 and 41-42 and had no obligation to allow Petitioners to file multiple summary judgment motions.

---

[1] Additionally, some statements included in Petitioners' issues require correction. Adrain's assertion of infringement of Claim 2 has been withdrawn. (Petitioners' Exhibit 3, p. 2).  Consequently, Petitioners' statement of the issue that they seek relief from "Denial of Motion for Summary Judgment for Claim 6 and 2" is incorrect. (Petition, at 2).  Petitioners' characterization of the issues also omits that Claim 6 was not the subject of the first reexamination that resulted in the August 21, 2012 Reexamination Certificate; therefore the scope of Claim 6 did not change.

### III.    Statement of Facts

The underlying suit was filed on May 26, 2010.  (Petitioners' Exhibit 3, p.1). Adrain's infringement contentions later served in the case identified Claims 1-3 and 6-10 as the asserted claims.  *Id*.  On September 14, 2010, Petitioners filed a request for reexamination that sought reexamination of Claims 1-3 and 7-11 ("the first reexamination"); however, reexamination of Claim 6 was not requested. Exhibit 1, p. 1.  In the '669 patent, Claim 6 indirectly depends from Claim 1 – specifically, Claim 6 depends from original Claim 2 which depends from original base Claim 1.  Petitioners' Exhibit 1, pp.12-13.  On August 21, 2012 the USPTO issued a reexamination certificate that, in part, cancelled Claim 1, amended Claim 2 and issued new claims, including claims 30-32, 35-39 and 41-42.  Petitioners' Exhibit 3, p. 2.

On October 17, 2012 Adrain moved to amend his infringement contentions to assert claims 6, 30-32, 35-39 and 41-42 (and to withdraw claims 1-3 and 7-10). Exhibit 8.  Petitioners then filed a Motion for Summary Judgment on November 30, 2012.  Petitioners' Exhibit 2.  In Adrain's opposition briefs, Adrain set forth his case law and arguments with respect to the first reexamination and the applicability of MPEP § 2260.01 to cancelled base claim 1 and indirectly dependent Claim 6. Exhibit 3, Adrain's Opposition to Defendants' Joint Motion for Summary Judgment, pp. 11-12, 14-15 (Dkt. 132).    Petitioners' Motion for Summary

Judgment and Adrain's motion to amend his infringement contentions were ruled upon in the District Court's May 13, 2013 order. Petitioners' Exhibit 3.

Nine months after the first reexamination certificate issued, Petitioners filed a second request for reexamination on May 30, 2013. Petitioners' Exhibit 4, p. 4. In their second request for reexamination, Petitioners failed to advise the USPTO of the District Court's May 13, 2013 order related to its determination that Claim 6 (which was not subject to the first request for reexamination) retained its dependency on cancelled Claim 1. Exhibit 4, p. 1. Instead, Petitioners presented their position with respect to Claim 6 to the USPTO with full knowledge that Petitioners' position had been rejected by the District Court. *Id*. Without the benefit of knowing a dispute existed between Petitioners and Respondent, and without the benefit of the District Court's order on this issue, the USPTO adopted Petitioners' version of the dependency of Claim 6 in its June 26, 2013 communication granting Petitioners' second request for reexamination. (Petitioners' Exhibit 4, p. 17). Petitioners now portray the statement from one examiner from the USPTO in a reexamination that is at its beginning stages as a definitive statement. (Petition p. 6).

While Petitioners have set out some of the procedural history of this case in their Statement of Facts, they failed to apprise this Court of their excessive motion practice and continued refusal to comply with the District Court's efforts to

manage the case.   For example, on July 3, 2013, the District Court heard six motions filed by Petitioners: a Motion to reconsider Claim Construction Order (Dkt. No. 170), Motion to Reconsider Court's May 13, 2012 Order (Dkt. 202), Motion to Dismiss All Claims Except Claim 6 (Dkt. No. 200), Emergency Motion for New Trial Date and New Scheduling Order (Dkt No. 203), Motion to Stay Pending Outcome of Second Reexam (Dkt. No. 223) and Motion for Leave to File Supplementary Brief re Dkt Nos. 202 and 203   Re USPTO's Office Action Concerning the Second Reexam (Dkt. No. 228). In its order following the hearing and its rulings on Vigilant's various motions, the District Court wrote, "The Court views very seriously the Defendants' clearly established and ongoing unwillingness to meaningfully comply with this Court's meet and confer requirements as imposed by the Local Rules.   The Court also views with equal disfavor the Defendants' repetitive motion practice.   Such continues to tax the Court's time and limited resources without justification." Exhibit 5, p. 3.

Petitioners' Statement of Facts further omits the procedural history showing that Petitioners had ample prior opportunity to present the additional summary judgment grounds complained of in the second portion of the Petition.   A more detailed analysis of those facts will be presented at pages 26-29.

## IV.    Reasons Why the Writ Should Be Denied

Generally, there is no right to the review of the denial of a summary judgment on mandamus.  There is an adequate remedy, by appeal.  There is also no clear and indisputable right to the relief, as district courts have the discretion to deny summary judgments and proceed to trial.  There are exceptions, such as motions for summary judgment as to "[t]he right of an alleged infringer under *Blonder-Tongue* not to relitigate the validity of a patent that has been invalidated in a prior case in which the patentee had a full and fair opportunity to litigate the validity …." *Mississippi Chem. Corp. v. Swift Agr. Chem. Corp*., 717 F.2d 1374, 1380 (Fed. Cir. 1983) *citing Blonder-Tongue Labs., Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).  However, this case does not fit within the *Mississippi Chemical* exception to the general rule. There has been no prior invalidation of a patent, or even a currently asserted claim of a patent, in regards to the summary judgment denial at issue. Instead, Petitioners assert (wrongly) that dependent claim 6 that was not subject to the first reexamination (a reexamination Petitioners themselves filed) is now dependent on a new independent claim added in the reexamination.  The ability to seek mandamus review of a summary judgment denial depends on whether a claim has been previously invalidated.  Claim 2 was amended on reexamination, but it is not asserted in the case.  Claim 6 has not been invalidated.  Petitioners cite no case for

5

the proposition that *Mississippi Chemical* has been applied to mere changes as opposed to outright invalidations.

The District Court determined that indirectly dependent claim 6 has not been changed, but instead still depends from cancelled independent base claim 1 in its original form. The District Court's decision regarding claim dependency is consistent with the position of the United States Patent and Trademark Office in briefing before this Court, and is further consistent with this Court's holdings that a dependent claim is presumed valid even though dependent on an invalid claim. *Shelcore, Inc. v. Durham, Indus., Inc.*, 745 F.2d 621, 624 (Fed. Cir. 1984) citing 35 U.S.C. § 282 ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent on an invalid claim.")

Petitioners' complaint that they were denied the opportunity to present a summary judgment motion runs up against the fact that the first part of their petition deals with a summary judgment that was presented, considered in full, and denied. (Petitioners' Exhibit 3). Petitioners cite no case to support the notion that they get to file as many summary judgments as they want as late in the case as they want. That notion runs counter to the broad discretion afforded district courts to manage their dockets.

All-in-all Petitioners have not shown a clear and indisputable right to the relief they seek, they have not shown that mandamus is the only remedy, and they have not shown that mandamus is appropriate under the circumstances.

## V.    The Mandamus Standard Does Not Permit a Substitution of Discretion.

The writ of mandamus is "one of 'the most potent weapons in the judicial arsenal.'" *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2587, 159 L.Ed.2d 459 (2004) *quoting Will v. United States*, 389 U.S. 90, 107, 88 S.Ct. 269, 280, 19 L.Ed.2d 305 (1967).    "The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Roche Molecular Systems*, 516 F.3d 1003, 1004 (Fed. Cir. 2008). "A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is 'clear and indisputable." *Id, internal citations omitted.*

The Fifth Circuit has noted a writ of mandamus "is an appropriate remedy for exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 309 (5th Cir.2008) (en banc) *cert. denied*, 555 U.S. 1172, 129 S.Ct. 1336, 173 L.Ed.2d 587 (2009).   Three requirements must be satisfied before a writ of mandamus may be issued: (1) the petitioner must have no other adequate means to obtain the relief requested; (2) the petitioner must show a clear and indisputable right to the relief

requested; and (3) the court, in its discretion, must be satisfied that issuance of the writ is appropriate under the circumstances. *Id.,* at 311, *citing Cheney,* 542 U.S. at 380-81.

This Court has likewise recognized that "a meaningful application of the factors [of the governing substantive law] often creates a range of choice." *In re Vistaprint, Ltd.* 6278 F.3d 1432, 1347 (Fed. Cir. 2010). This Court has similarly held that:

> [T]he remedy of mandamus is "strong medicine" to be reserved for the most serious and critical ills, and if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though, on normal appeal, a court might find reversible error.

*In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985)(citation omitted).

The third *Cheney* factor allows this Court to weigh the totality of the circumstances. For example, the Supreme Court noted that the presence of the Vice President as a party "remove[d] this case from the category of ordinary discovery orders where interlocutory appellate review is unavailable, through mandamus or otherwise." *Cheney,* at 542 U.S. 381-82, 124 S.Ct. 2587-88.

## VI.    There Is No Clearly Established Right to Summary Judgment.

The well-established general rule is that summary judgment cannot be granted via mandamus because there is no clearly established right to pretrial summary judgment. Indeed, even where the Petitioners believe that they have a

motion that "should" be granted, the District Court has the discretion to deny the motion and proceed to trial. Petitioners' substantive rights can be preserved at trial. Regular appeal has been found to be an adequate remedy, and the financial costs of litigation are not "irreparable injury." *See, e.g., Petroleum Exploration, Inc. v. Public Service Commission*, 304 U.S. 209, 222, 82 L. Ed. 1294, 58 S. Ct. 834 (1938); *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 39 L. Ed. 2d 123, 94 S. Ct. 1028 (1974); *FTC v. Standard Oil Co.*, 449 U.S. 232, 244, 66 L. Ed. 2d 416, 101 S. Ct. 488 (1980).

This Court has repeatedly rejected attempts to obtain summary judgment via mandamus. In doing so, this Court has relied on all three of the *Cheney* factors. *In re Voter Verified, Inc.*, Misc. 936, 2010 WL 1816686 (Fed. Cir. 2010) (unpublished); *In re Bridgeport Fittings, Inc.*, 367 Fed.Appx. 120 (Fed. Cir. 2009)(unpublished); *In re Roche Molecular Systems, Inc.*, 516 F.3d 1003, 1004-5 (Fed. Cir. 2008)(per curiam); *In Re AD-II Engineering, Inc.*, 249 Fed.Appx. 826, 827 (Fed. Cir. 2007)(unpublished); *In re IXYS Corp.*, 148 Fed.Appx. 933 (Fed. Cir. 2005)(unpublished); *In re Haney*, 121 F.3d 726 (Fed. Cir. 1997)(unpublished); *See also In re GenSci Orthobiologics, Inc.*, 10 Fed.Appx. 808, 809 (Fed. Cir. 2001)(unpublished)("We decline to review the merits of the district court's claim construction and summary judgment order in the context of a mandamus petition, as GenSci may appropriately raise these issues on appeal."). In the analogous

circumstance of denials of motions to dismiss on personal jurisdiction grounds, this Court has held that granting the writ on matters that could be addressed on regular appeal would "clearly undermine the extraordinary nature of its form of relief." *In re BNY ConvergEx Group, LLC*, 404 Fed.Appx. 484, 485 (Fed. Cir. 2010).

The Fifth Circuit has soundly rejected the notion of parties having a mandamus-worthy right to summary judgment. *Black v. J.I. Case Co., Inc.*, 22 F.3d 568, 570 (5th Cir. 1994)("To review pretrial denials of summary judgment motions would also diminish the discretion of the district court, in contravention of our jurisprudence and that of the Supreme Court."). The Fifth Circuit rule is:

> The Supreme Court has recognized that, even in the absence of a factual dispute, a district court has the power to "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). We, too, have recognized that (except in cases of qualified or absolute immunity) a district court "has the discretion to deny a [motion for summary judgment] even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial.

*Id.*

### A. The live claims do not fit within the *Mississippi Chemical* exception.

The Fifth Circuit has recognized qualified and absolute immunity as exceptions to the general prohibition against mandamus review of summary judgment denials. Such exceptions are analogous to the exception this Court has

10

recognized for "[t]he right of an alleged infringer under *Blonder-Tongue* not to relitigate the validity of a patent that has been invalidated in a prior case in which the patentee had a full and fair opportunity to litigate the validity …." *Mississippi Chem. Corp*, 717 F.2d at 1380.

### 1. Claim 6 is valid; it was not subject to reexamination.

Petitioners seek relief concerning the District Court's ruling on Claim 6. Petition at 15. The motion for summary judgment made the subject of the Petition states "Claims 4-6 and 12-20 were not reexamined." (Petitioners' Exhibit 2, p. 5.)[2] That is a critical difference between this case and *Mississippi Chemical*. There, the exception was "the validity of a patent" namely "the Kearns patent." *Id*. That patent had been invalidated *in toto*. *Swift Agr. Chem. Corp. v. Farmland Indus., Inc.*, 499 F.Supp. 1295, 1300, 1305 (D. Kansas 1980) *aff'd* 674 F.2d 1351 (10th Cir. 1982) *cert. denied* 459 U.S. 860, 103 S.Ct. 132, 74 L.Ed.2d 113 (1982)("The testimony and evidence adduced in this case have convinced this Court … that the Kearns patent is invalid."). Consequently, when enforcing the estoppel effects of that final determination, this Court's decision made a "yes" or "no" difference on whether there would be a trial at all. *See Mississippi Chemical*, 717 F.2d at 1380. This "yes" or "no" impact on whether there would be a trial was not conditional on rulings on the merits of issues in *Mississippi Chemical* itself, but instead wholly

---

[2] The ex parte reexamination request was filed by the Petitioners. Exhibit 1, p. 1.

dependent on the scope of what had previously been invalidated in the Kansas case. *Id.* Here, there are claims that are not subject to Petitioners' *Mississippi Chemical* argument. (Petition at 19) ("ten new claims"). For that reason alone, Petitioners' *Mississippi Chemical* argument cannot make a "yes" or "no" difference on whether there will be a trial. Even as to the challenged patent claim, *Mississippi Chemical* cannot make such a difference. The scope of prior invalidation here is straightforward: there has been no prior invalidation of Claim 6. Petitioners fail to cite a case supporting the application of *Mississippi Chemical* to a claim that has not previously been invalidated.

*Mississippi Chemical* does not clearly and indisputably support Petitioners' requested relief of "a writ of mandamus … requiring petitioners' motion for summary judgment to be granted." (Petition at 18). Since the scope of the prior invalidation does not preclude a trial (whether on the challenged claim, or on claims not even subject to this argument), *Mississippi Chemical* does not apply.

### 2. Claim dependency case law does not indisputably favor Petitioners.

While Adrain does not bear the burden to show that the District Court was exactly right under the case law, he will do so, and in so doing, demonstrate that Petitioners have not carried their burden to show a clear and indisputable right to make Claim 6 dependent on amended claims. Petitioners concede that "counsel could not find case law dealing directly with [the] issue …." Petition at 15.

Petitioners further distinguish their own cases as "mention[ing] in passing" the issue of claim dependency. (Petition at 15).  That is thin gruel on which to base a petition for the extraordinary writ of mandamus.

MPEP 2260.01 instructs:

> If ** > an unamended base patent claim (i.e., a claim appearing in the reexamination as it appears in the patent) < has been rejected or canceled, any claim which is directly or indirectly dependent thereon should be confirmed or allowed if the dependent claim is otherwise allowable. The dependent claim should not be objected to or rejected merely because it depends on a rejected or canceled patent claim. No requirement should be made for rewriting the dependent claim in independent form. As the original patent claim numbers are not changed in a reexamination proceeding, the content of the canceled base claim would remain in the printed patent and would be available to be read as a part of the confirmed or allowed dependent claim.

> If a new base claim (a base claim other than a base claim appearing in the patent) has been canceled in a reexamination proceeding, a claim which depends thereon should be rejected as * > indefinite < . If a new base claim > or an amended patent claim < is rejected, a claim dependent thereon should be objected to if it is otherwise patentable and a requirement made for rewriting the dependent claim in independent form.

Petitioners continue to ignore the applicability of Section 2260.01 to this situation – the original base independent claim 1 was cancelled, yet its indirectly dependent claim 6 is allowed to remain in its original form and the content of cancelled claim 1 is available to be read as part of claim 6.

Contrary to the Petitioners' contention, there are relevant cases.  When a dependent claim survives reexamination, but its base independent claim(s) do not,

the dependent claim still depends from the independent claim(s) <u>in their original</u> <u>form</u>. *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc*., 2012 U.S. Dist. LEXIS 170891 (D.Minn. Dec. 3, 2012); *Flexiteek Americas, Inc. v. Plasteak, Inc*., 2012 U.S. Dist. LEXIS 156086 (S.D.Fla. Oct. 31, 2012); *See also Applera Corp. v. MJ Research Inc*., 292 F.Supp.2d 348, 359-60 (D. Connecticut 2003)("Claim 45 of the '675 Patent depends from cancelled claim 44, which in turn depends from cancelled claim 40. Accordingly, the Court construes claim 45 as containing all the limitations of claims 40 and 44. … Claim 45 is valid and enforceable notwithstanding the cancellation of claims 44 and 40.").  Adrain provided this authority to the District Court in response to the motion for summary judgment made the basis of the petition. Exhibit 3, pp. 11-12.[3]

The District Court's determination on claim dependency is entirely consistent with an Act of Congress and a landmark decision of this Court.  A dependent claim is presumed valid even though dependent on an allegedly invalid claim.  *Shelcore, Inc. v. Durham, Indus., Inc*., 745 F.2d 621, 624 (Fed. Cir. 1984) citing 35 U.S.C. § 282 ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be

---

[3] *Applera Corp*. was not cited to the District Court.

presumed valid even though dependent on an invalid claim.").[4]   This Court has called it "black letter law" that "a finding of invalidity of an independent claim does not determine the validity of claims that depend from it." *Scanner Technologies, Corp. v. ICOS Vision Systems Corp., N.V.*, 528 F.3d 1365, 1383 (Fed. Cir. 2008).

It is curious that Petitioners would claim that "counsel could not find case law dealing directly with the issue …."  Rather than addressing *Shelcore* and other cases head-on, Petitioners took the head-burying approach of the ostrich. From this, one can conclude that Petitioners have no meritorious way to deal with *Shelcore* or the cases cited to the District Court.

### 3. A preliminary uncontested statement by a lone patent examiner does not constitute the considered opinion of the United States Patent and Trademark Office.

Petitioners assert that a preliminary statement by a lone patent examiner in a pending reexamination constitutes the position of the USPTO. Petition at 15-16. Petitioners then proceed to charge the District Court with a "usurpation of the power Congress assigned to the USPTO." Petition at 16.

---

[4] "This is so because although a dependent claim includes all of the limitations of the independent claim from which it depends, the independent claim adds limitations and might not be subject to the same asserted ground of invalidity." *Boston Scientific Corp. v. Micrus Corp.*, 556 F.Supp.2d 1045, 1061 (N.D. Cal. 2008).

Petitioners are flat wrong. The true and considered position of the United

States Patent and Trademark Office is found in the USPTO's briefing to this Court:

> When an independent claim is canceled during a
> reexamination, the dependent claims are not rewritten or
> renumbered. Instead, "the content of the canceled base
> claim [will] remain in the printed patent and [will] be
> available to read as part of the ... dependent claim."
> MPEP § 2260.01.

Brief for Appellee - Director of the United States Patent and Trademark Office, *In
re Classen Immunotherapies, Inc*, No. 2012-1141, 2012 WL 2885853 *13-14, n. 5
(Fed. Cir. June 15, 2012); *Ex Parte Classen Immunotherapies, Inc*., Appeal 2011-
00594, 2011 WL 4545876 ((Bd.Pat.App. & Interf. 2011) *affirmed* 494 Fed.Appx.
87 (Fed. Cir. 2012)(Rule 36).

The position taken by the USPTO before this Court is precisely the position

taken by the District Court.  Far from usurping the power of the United States

Patent and Trademark Office, the District Court correctly applied MPEP § 2260.01

to determine what to do with an indirectly dependent claim that was not subject to

reexamination.  Again, Adrain has no burden to show that the District Court was

exactly right, but in so doing shows that Petitioners have failed to show a clear and

indisputable right to relief.

Tellingly, Petitioners failed to inform the USPTO of the District Court's

ruling.  Consequently, the examiner's statement is more of a recitation of what is in

the Petitioners' request than a resolution of a disputed issue.  The Petitioners filed

both ex parte reexamination requests. Petition at 4; Exhibit 4, p. 30.  The second

reexamination request was filed after the District Court's May 13, 2013 summary

judgment order challenged in this Petition. Petitioners' Exhibit 3; Exhibit 4, p. 30. The Petitioners failed to inform the USPTO of the District Court's decision. Exhibit 4, p. 1. In turn, Petitioners failed to inform this Court that Petitioners had chosen to keep the examiner in the dark rather than highlight Claim 6 dependency as a disputed issue.

Equally telling is Petitioners' distortion of *Fresenius*. *Fresenius USA, Inc. v Baxter Int'l Inc.*, ___ F.3d ____, 2013 WL 3305736 *14 (Fed. Cir. July 2, 2013) Petitioners concede that a new reexamination is "pending" but nonetheless rely on *Fresenius* for the proposition that the examiner's statement is binding and preclusive. (Petition at 12, 15). To be clear, Petitioners are pointing to an examiner's statement in a *new* reexamination, not the reexamination that Petitioners rely on for *Mississippi Chemical* preclusion. *Id.*[5] Instead, Petitioners present the new reexamination as a "recap[]" of what went before. *Id.*, at 15. Petitioners do not cite to the earlier reexamination as a direct statement of how the USPTO construes MPEP § 2260.01. *Id.*

Only *final* reexamination decisions *affirmed by this Court* have preclusive effect. *Fresenius USA, Inc.* 2013 WL 3305736 *14. It is difficult to understand how Petitioners can concede that a "new reexamination" is "pending" and yet rely on *Fresenius*.

---

[5] Petitioners filed this new reexamination as well. Exhibit 2, p. 30.

Finality of the new reexamination goes to the merits of the *Mississippi Chemical* standard as well. *Mississippi Chemical* requires that Adrain be given "a full and fair opportunity to litigate." 717 F.2d at 1380. Since the reexamination is not final, and the patentee has yet to respond, there has not been a "full and fair" litigation in the new reexamination. (Petition, Ex. 4, p. 4).

### 4. Limiting Claim 6 does not mandate summary judgment.

Petitioners' claim dependency argument is mistaken. Assuming *arguendo* that it is correct, summary judgment via mandamus is still beyond the precedent of this Court and the Fifth Circuit. If *Mississippi Chemical* applies at all, its effect is limited to what was previously litigated. The motion for summary judgment made the basis of the Petition states that "After reexamination … Claim 6 did not expressly change, but it did impliedly change." (Petitioners' Exhibit 2, p. 6 (internal numbering and lettering omitted)). Even if "impliedly changed", Claim 6 is still standing. Petitioners' motion for summary judgment on Claim 6 is therefore still subject to the Fifth Circuit's *Black v. J.I. Case* and this Court's decisions rejecting attempts to obtain summary judgment via mandamus. *Black* , 22 F.3d 568, 570 (5th Cir. 1994). Petitioners' assumption that Claim 6 must be read as depending from amended claims, does not result in a clear and indisputable right to summary judgment.

Petitioners do not seek a mandamus to "change" Claim 6. (Petition at 12, 18). It stands to reason that Petitioners do not seek such relief because couching the Petition in such terms would have brought them face-to-face with the factual distinctions between an alleged "change" and the outright invalidation present in *Mississippi Chemical*. Likewise, a Petition seeking a "change" to Claim 6 would have (and does) fall within the broad body of caselaw refusing to weigh in on claim construction and summary judgment issues on mandamus. See Section VI.A. at p. 10. Petitioners seek the all-or-nothing relief of summary judgment under *Mississippi Chemical*. That relief should be denied.

### B. Delay waives procedural rights.

For all of the reasons set out above, the Petition has no substantive merit. Additionally, Petitioners' delay waived any right to obtain the extraordinary writ had one existed, which it did not.

Even in the exceptional cases where a party has a right to a pre-trial summary judgment, there are exceptions to the exception. In particular, a party's delay may forfeit the right to a pre-trial ruling. *Edwards v. Cass County, Tex.*, 919 F.2d 273, 275-76 (5th Cir. 1990); *Hernandez v. Brazoria County*, 21 F.3d 1108 (5th Cir. 1994)(per curiam)("King had over six months from the date the district court entered its pretrial scheduling order to prepare his motions."). This is

separate from the substantive right, which can still be addressed at trial and, if needed, on appeal. *Edwards*, 919 F.2d at 276. The Fifth Circuit observed that:

> To hold otherwise would be to open the floodgates to appeals by defendants seeking delay by asserting qualified immunity at the last minute …. If every denial of a motion for leave to file a summary judgment motion asserting qualified immunity were immediately appealable, defendants would have a guaranteed means of obtaining last-minute continuances. … As we have stated, the defendants could have obtained review of the district court's refusal to allow the filing of their summary judgment motion by filing a petition for writ of mandamus. Under the circumstances presented in this case, we conclude, however, that the district court was well within its discretion in denying leave to file. Thus, mandamus would not lie. Accordingly, treating the notice of appeal as a petition for writ of mandamus, the same is denied.

*Id.*[6]

This Fifth Circuit law dealing specifically with delay in bringing what would otherwise be mandamus-worthy summary judgment motions is in keeping with this Court's general body of law dealing with delay and mandamus. A petitioner's delay in bringing the motion made the subject of the petition weighs against the issuance of the writ. *In re Wyeth*, 406 Fed. Appx. 475, 477 (Fed. Cir. 2010)("as Wyeth delayed filing a motion to transfer, discovery was conducted, protective orders were issued, individual disclosures were turned over, infringement and

---

[6] The Fifth Circuit went on to observe that in light of the ruling in *Edwards*, future attempts to use summary judgments as last-minute surprises could well be found frivolous and sanctionable. *Id. at 276, n. 2.*

invalidity contentions were exchanged, and an extensive amount of documents were produced.")  Likewise, delay in seeking a ruling on the underlying motion weighs against issuance of the writ. *In re VTech Comm., Inc.*, 2010 WL 46332 * 2 (Fed. Cir. 2010)("It was incumbent upon VTech to actively and promptly pursue its motion to transfer venue before the district court invested considerable time and attention on discovery and completing claim construction.").  The impact of delay carries through to the petition itself, as Petitioners have a duty to promptly pursue mandamus once an adverse ruling issues. *In re Apple Inc.*, 456 Fed.Appx. 907, 909 (2012).

The challenged summary judgment denial issued on May 13, 2013. (Petitioners' Exhibit 3).  Petitioners have threatened mandamus since June. Exhibit 6.  But this Petition was not brought until August.  The Petition was filed shortly before mediation, and the date many pre-trial submissions were due.  Exhibit 5, pp. 5-6.  The reexamination certificate that Petitioners cite as the prior litigation under *Mississippi Chemical* issued a year ago, on August 12, 2012. (Petition at 13). Petitioners brought the summary judgment motion made the basis of their *Mississippi Chemical* argument on November 30, 2012. (Petition at 5); (Petitioners' Exhibit 2).  Jury selection begins September 3, 2013. (Petition, p. 4).

A party seeking the extraordinary writ of mandamus must meet an exacting standard that includes a demonstration that mandamus is appropriate under the

circumstances. The cases cited above hold that delay and/or strategic timing of mandamus petitions fails to carry the "appropriate under the circumstances" burden. Petitioners do not allege, assert, or argue that they brought the Petition as soon as reasonably practical. Petitioners' requested *Mississippi Chemical* relief is a matter of convenience, not substance. Petitioners could preserve their rights through trial and regular appeal as most litigants do, but Petitioners assert that theirs is a special case that gets to bypass the normal procedure. However, during Petitioners' delay in bringing this Petition, the District Court has devoted more and more scare judicial resources to this case as it gets closer to trial.[7] This Petition is exactly the sort of tactic that *Edwards* envisioned and this Court's precedents stand against.

## VII. There Is No Clearly Established Right to File Multiple Motions.

Having complained mightily that the District Court heard and denied their summary judgment motion, Petitioners next claim that they were not given the opportunity to file a summary judgment motion. Plainly, Petitioners did have an opportunity to seek summary judgment and did so. The question is whether there

---

[7] Although this Court is imminently capable of making well-reasoned decisions in short order, it must also be said that this is not the Court's only case, and the timing of the Petition puts this Court in the unfortunate position of having to make a quick decision on a case that, if Petitioners are right, deals with the relationship between the judicial and executive branches.

is a clearly established right to repeatedly seek summary judgment, even late in a case. There is no such right.

The Petition acknowledged that Fifth Circuit law governs procedural questions. (Petition at 18).  But the Petition does not cite a Fifth Circuit case answering the question at hand. Instead, the Petition cites a case regarding stays under FED. R. CIV. P. 62, and from this, argues that there is a general duty to "comply with the federal rules" that leads to the conclusion that mandamus is warranted.  (Petition at 20).  That is the extent of Petitioners' precedent.  The Petition does not cite any case declaring a right to present multiple motions for summary judgment, nor does the Petition cite any case declaring a right to present such motions at any stage of the case.  This is not the sort of clear and indisputable authority that warrants mandamus.

Far from being clearly and indisputably in Petitioners' favor, the law consistently reaffirms the discretion afforded to the District Court:

> District courts manage hundreds of civil and criminal cases at any given time. For this reason, they are afforded broad discretion to control and manage their dockets, including the authority to decide the order in which they hear and decide issues pending before them.

*Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008).

It has long been understood that the trial courts have broad discretion regarding stays, this power being:

23

> incidental in the power inherent in every court to control
> the disposition of the causes on its docket with economy
> of time and effort for itself, for counsel, and for litigants.
> How this can best be done calls for the exercise of
> judgment, which must weigh competing interests and
> maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

This deference concerning docket management is no ancient relic, but has recently been affirmed by the unanimous Supreme Court:

> We do not presume that district courts need unsolicited
> advice from us on how to manage their dockets. Rather,
> the decision to grant a stay, like the decision to grant an
> evidentiary hearing, is "generally left to the sound
> discretion of district courts."

*Ryan v. Gonzales*, 133 S.Ct. 696, 708 (2013)(citation omitted).

Fifth Circuit law expressly gives the District Court the discretion to reject the filing of summary judgment motions, even special motions that would otherwise be mandamus-eligible. *Edwards*, 919 F.2d at 275-77.[8]   The District Court has authority to reject untimely summary judgment submissions. *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980)(dealing with summary judgment affidavits).  Summary judgment procedure would become "uncontrolled [unless] a court could not impose some limits on the timely submission of appropriate evidence." *Berhnardt v. Richardson-Merrill, Inc.*, 892 F.2d 440, 444

---

[8] By way of distinction, the proposed summary judgment that forms the basis of this portion of the Petition does not assert special *Mississippi Chemical* grounds. (Petition at 19).

(5th Cir. 1990).   Citing the "broad discretion in managing their documents efficiently" the Fifth Circuit has found no abuse of discretion in a district court striking an "Emergency Motion for Summary Judgment." *United States v. Ruiz*, 101 F.3d 697 (5th Cir. 1996).   Ultimately, the Fifth Circuit expressly gives the District Court the discretion to deny any motion that is filed.   *Black*, 22 F.3d at 570.  Since the proposed motion at issue is not even alleged to be a special *Mississippi Chemical* motion, any such denial would fall within this Court's general and longstanding rule of refusing to weigh in on summary judgment on mandamus.

In sum, the discretion afforded to the District Court is broad.  Petitioners have provided this Court with no legal basis to conclude that the District Court exceeded the bounds of that discretion.[9]   In order to prevail on mandamus, Petitioners needed to give this Court a yardstick with a mark for "clear and indisputable abuse of discretion" with which to measure the District Court's conduct.  Petitioners failed to do so.  That should end the inquiry.

Adrain in no way suggests or agrees that it is proper to measure the District Court's conduct without a ruler.   Nonetheless, under any hypothetical ruler that might be dreamed up, the District Court's conduct does not stack up to anything

---

[9] Again, it would not have taken much legal research to find cases concerning the broad authority afforded to district courts to manage their own dockets. Petitioners did not bring this body of law to the Court's attention, nor did Petitioners make any attempt to justify why this case should not fall within the general rule.

close to a clear and indisputable abuse of discretion.  *Edwards* is the closet case, and in *Edwards*, mandamus was denied.

Additionally, Petitioners had ample opportunity to brief and present their argument that U.S. Patent No. 5,097,328 ("Boyette") allegedly invalidates the asserted claims of the '669 patent to the District Court.  Petitioners have known about Boyette since at least September 14, 2010, when Petitioners submitted the reference as part of their request for reexamination.  Exhibit 1, pp. 1, 6.  For example, Petitioners could have argued that Boyette invalidated the reexamination claims in the briefing for their first motion for summary judgment.  On July 26, 2012, Petitioners filed a letter brief with the District Court, seeking permission to file a motion for summary judgment with regard to infringement issues.  Exhibit 7, Dkt. 115-1.  After the Reexamination Certificate for the '669 patent issued on August 21, 2012, Petitioners amended their letter brief on September 14, 2012, with full knowledge of the results of the reexamination proceedings. Exhibit 8, Dkt. 117-1.  Petitioners' letter briefs did not request permission to move for summary judgment on the issue of validity of the '669 patent, nor did they reference Boyette.

On October 17, 2012, Adrain filed his Opposed Motion for Leave to Amend Disclosure of Asserted Claims and Infringement Contentions.  Exhibit 2. Petitioners' Statement of Facts omits that Petitioners were provided the Amended

Infringement Contentions well before May 13, 2013. Petitioners' Exhibit 3, p.2; Exhibit 8; Local Rule CV-7(k) (When a motion for leave to file is subsequently granted, the document is deemed filed as of the date of the motion for leave). Petitioners' Statement of Facts omits that Adrain had good cause for leave to file, and that the District Court rejected Petitioners' argument to the contrary. (Petitioners' Exhibit 3 at 3-4).

Petitioners could have argued in opposition to Adrain's Motion to Amend that Boyette invalidated the reexamination claims, yet chose not to. Petitioners then filed their first motion for summary judgment on November 30, 2012. Petitioners' Exhibit 2. At no time during the briefing for the summary judgment briefing did Petitioners raise their argument that Boyette allegedly invalidated the asserted claims, despite having knowledge of Boyette, the results of the reexamination proceedings, and the fact that Adrain had sought, via his Motion to Amend, to assert the reexamination claims. Notably, Petitioners at that time sought a determination that the doctrine of intervening rights was applicable as to the reexamination claims, yet Petitioners did not seek a determination that Boyette invalidated any of the reexamination claims.

On February 28, 2013, Petitioners attempted to file a second motion for summary judgment, without first seeking leave by filing a letter brief as required under the local rules. Exhibit 9. Petitioners' second motion for summary

judgment again failed to include any argument as to the validity of the '669 patent or any discussion of Boyette. The District Court struck Petitioners' second motion for summary judgment on the grounds that Petitioners failed to comply with the District Court's letter brief requirement. Exhibit 10. In striking Petitioner's second motion for summary judgment, the District Court noted that the second motion for summary judgment was "substantively identical to its original Motion for Summary Judgment" and that it was "but a thinly disguised attempt to continue briefing after Plaintiff's Sur-Reply." *Id*., at 1.

On May 2, 2013, Petitioners filed a motion to reconsider the District Court's claim construction order, but included no briefing on Boyette. Exhibit 11. The District Court granted Adrain's Motion to Amend on May 13, 2013, thereby allowing Adrain to assert additional claims from the reexamination of the '669 patent. Exhibit 12. In the same order, the District Court partially denied as moot Petitioners' motion for summary judgment. *Id.* Subsequently, on May 21, 2013, Petitioners filed a motion to dismiss, but did not include any briefing as to Boyette. Exhibit 13. On May 22, 2013, Petitioners filed a motion for reconsideration of the District Court's May 13, 2013 order, but Petitioners yet again presented no argument regarding the Boyette patent. Exhibit 14. Petitioners also failed to raise the issue of Boyette in their May 23, 2013 motion for a new trial date and scheduling order. Exhibit 15.

Petitioners have had multiple opportunities to argue that the Boyette patent invalidates the asserted claims of the '669 patent. At no point during Petitioners' voluminous briefing and extensive motion practice did Petitioners do so.

## VIII. The Petitioners Have Failed to Justify the Extraordinary Writ of Mandamus.

Petitioners have not made the case for a "clear and indisputable" right to *Mississippi Chemical* relief and have failed to bear the exacting burden required of them. This is a burden Petitioners cannot meet because the caselaw demonstrates that *Mississippi Chemical* applies to outright invalidations, as opposed to mere changes. There has been no change to Claim 6, as it was not subject to reexamination. At a minimum there is a rational and substantial argument to support the District Court's conclusion regarding the dependency of Claim 6. Petitioners' argument that the first reexamination must be construed in light of the new reexamination and *Fresenius* is tainted by Petitioners' decision to keep the examiner in the dark about the District Court's decision, and by Petitioners' misreading of *Fresenius*. Likewise, there is no clear and indisputable right to pre-trial grant of summary judgment. Finally, Petitioners' decision to file this Petition in August after threatening to file it in June shows that the Petition was not brought with diligence. Mandamus should not issue. To the extent, if at all, there is a question whether Petitioners may be right on the merits of *Mississippi Chemical,* that can and should be addressed in the more deliberate forum of regular appeal.

Likewise, Petitioners have not made the case for "clear and indisputable" right to file multiple summary judgment motions whenever they please. Petitioners provide this Court no authority to support their position. The wealth of authority comes down on the side of the District Court's discretion.

## IX.   Conclusion and Prayer for Relief

For all of the reasons discussed above, Adrain respectfully requests that the mandamus be denied in all respects. Adrain asks for any and all additional relief to which he may be entitled in law or equity.

Respectfully Submitted,

*/s/ John T. Polasek*
John T. Polasek
Texas Bar. No. 16088590
tpolasek@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Deborah Race
State Bar No. 16448700
drace@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

*Attorneys for Respondent, John B. Adrain*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS, TYPE-FACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation set out in Federal Rule of Appellate Procedure 32(c)(2) and Federal Rule of Appellate Procedure 21(d).

   This brief contains 30 pages (7,237 words), excluding the parts of the brief exempted by rule.

2. This brief has been prepared in a proportionally spaced typeface using Times New Roman, font size 14.


DATED August 9, 2013                      */s/ John T. Polasek*
                                          John T. Polasek

i

## <u>CERTIFICATE  OF SERVICE</u>

     I John T. Polasek, being duly sworn according to law and being over the age of 18, upon my oath depose and certify that a true and correct copy of this document has been served upon counsel for the appellant via the court's electronic filing system on August 9, 2013 as follows:

Roy B. Thompson                       <u>Via Electronic Mail</u>
THOMPSON BOGŔAN, P.C.
15938 Quarry Road, Suite B-6
Lake Oswego, OR 97035
Email: roythompson@comcast.net

                              */s/ John T Polasek*
                              John T. Polasek

Miscellaneous Docket No. 2013-161

---

In the
United States Court of Appeals
For the Federal Circuit
_____

IN RE VIGILANT VIDEO, INC.
AND THE CITY OF PORT ARTHUR, TEXAS

*Petitioners.*
_____

<u>**CERTIFICATE OF INTEREST**</u>

Counsel for Respondent, John B. Adrain, certifies the following:

1.    The full name of every party or amicus represented by me is:
      John B. Adrain.

2.    The name of the real party in interest represented by me is:
      Not applicable.

3.    All parent corporations and any publicly held companies that own 10
      percent or more of the stock of the party represented by me are:

      None.

4.    The names of all law firms and the partners or associates that
      appeared for the party or amicus now represented by me in the trial
      court or agency or are expected to appear in this Court are:

          POLASEK, QUISENBERRY & ERRINGTON, L.L.P.: John T. Polasek,
          C. Dale Quisenberry and Jeffrey S. David

          IRELAND, CARROLL & KELLEY, P.C: Otis W. Carroll and
          Deborah Race

          CAPSHAW DERIEUX, LLP: S. Calvin Capshaw, Elizabeth L.
          DeRieux and D. Jeffrey Rambin

FAIRCHILD, PRICE, HALEY & SMITH, L.L.P.: Russell R. Smith

Dated:  August 9, 2013        By:  /s/ John T. Polasek
                                   John T. Polasek
                                   Texas Bar. No. 16088590
                                   Federal Bar No.
                                   tpolasek@pqelaw.com
                                   Jeffrey S. David
                                   Texas Bar No. 24053171
                                   Federal Bar. No.
                                   jdavid@pqelaw.com
                                   POLASEK, QUISENBERRY & ERRINGTON, LLP
                                   6750 West Loop South, Suite 920
                                   Bellaire, Texas 77401
                                   Telephone: (832) 778-6000
                                   Facsimile: (832) 778-6010

                                   Deborah Race
                                   State Bar No. 16448700
                                   drace@icklaw.com
                                   IRELAND, CARROLL & KELLEY, P.C
                                   6101 S. Broadway, Suite 500
                                   P.O. Box 7879
                                   Tyler, Texas 75711
                                   Telephone: (903) 561-1600
                                   Facsimile: (903) 581-1071

                                   *Attorneys for Respondent, John B. Adrain*