Miscellaneous Docket No. 13-161

# United States Court of Appeals
# for the Federal Circuit

IN RE VIGILANT VIDEO, INC.
and THE CITY OF PORT ARTHUR, TEXAS,

*Petitioners.*

*Petition for Writ of Mandamus to the United States District Court
for the Eastern District of Texas in Case No. 2:10-cv-173-JRG
Judge Rodney Gilstrap*

**REPLY IN SUPPORT OF
PETITION FOR WRIT OF MANDAMUS OF VIGILANT VIDEO, INC.
and THE CITY OF PORT ARTHUR, TEXAS**

THOMPSON BOGRÁN, P.C.
Roy B. Thompson
Oregon State Bar # 82501
New York State Bar # 1891399
15938 Quarry Road, Suite B-6
Lake Oswego, OR 97035
Telephone:  503-245-6600
Cell phone:  503-381-9945
Facsimile:  503-244-8399
E-mail:        roythompson@comcast.net

*Attorney for Petitioners Vigilant Video, Inc.
and City of Port Arthur, Texas*

AUGUST 14, 2013

# CERTIFICATE OF INTEREST

Counsel for the Petitioners, Vigilant Video, Inc. and City of Port Arthur, Texas, certify:

1.     The full name of every party or amicus represented by me are:

Vigilant Video, Inc.

> Vigilant Video's corporate name has been changed to Vigilant Solutions, Inc., but is referred to in the pleadings as Vigilant Video.

City of Port Arthur, Texas

2.     The names of the real parties in interest represented by me are:

Vigilant Video, Inc.

City of Port Arthur, Texas

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties represented by me are:

> There are no parent corporations or any publicly held companies that own 10 percent or more of the stock of the parties represented by me.

4.     The names of all law firms, partners or associates that appeared for the parties represented by me in the trial court or expected to appear in this court:

THOMPSON BOGRÁN, P.C.:   Roy B. Thompson

POLASEK QUISENBERRY & ERRINGTON, LLP:   C. Dale Quisenberry, John T. Polasek, Jeffrey Scott David

CAPSHAW DERIEUX, LLP:   Elizabeth L. DeRieux

DATE: August 14, 2013.                    */s/ Roy B. Thompson*
                                          Roy B. Thompson
                                          Counsel for Petitioners

i

# TABLE OF CONTENTS

*Page*

CERTIFICATE OF INTEREST ...............................................................i

TABLE OF AUTHORITIES ...................................................................iv

INTRODUCTION ................................................................................. 1

LEGAL ARGUMENT ........................................................................... 2

1.  Respondent's Summary Judgment Case Law is Inapplicable to the
    Facts of This Case; Mandamus may be Granted ................................ 2

2.  The August 21, 2012 Final Action of the USPTO Amending Base
    Claim 2 Should Be Applied to Petitioners' Motion for Summary
    Judgment on Dependent Claim 6 ...................................................... 4

    A.  Dependent Claims for Which the Base Claims Have Been
        Amended Include the Limitation of the Amended Base Claim,
        not the Limitation of the Original Base Claim ........................... 4

    B.  Collateral Estoppel is Available for a USPTO Ruling on a Base
        Claim .................................................................................... 6

    C.  Petitioners' Base their Argument on the USPTO Final Action of
        August 21, 2012, not the June 26, 2013 USPTO Second
        Reexamination Order ............................................................. 7

3.  Petitioners have the Right to File a Motion for Summary Judgment as
    to the May 13, 2013 Claims 30-32, 35-39, and 41-42 ...................... 8

    A.  Confusion as to Timing of Summary Judgment Motions ............ 8

    B.  Petitioners Need Not File Anticipatory Summary Judgment
        Against Claims that Are Not Yet Part of the Case .................... 11

    C.  Petitioners are Not Limited to One Summary Judgment Motion ........ 12

    D.  Petitioners Not Required to Raise Prior Art to Prevent
        Respondent from Filing New Claims ...................................... 12

4.    Petitioners' Use of Less-than-a-Month to File Mandamus Petition
      Does Not Justify Waiver .................................................................................. 13

5.    Irrelevant Arguments Made by Respondent .................................................... 13

6.    Lack of Adequate Remedy .............................................................................. 14

CERTIFICATE OF COMPLIANCE ........................................................................ 19

CERTIFICATE OF SERVICE ................................................................................. 16

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Applera Corp. v. MJ Research Inc.,*
    292 F.Supp.2d 348 (D. Conn. 2003) ..............................................................5

*Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.,*
    2012 WL 6015538 (D. Minn. Dec. 3, 2012) ...................................................5

*Black v. J.I. Case Co., Inc.,*
    22 F.3d 568 (5th Cir. 1994) ..................................................................... 4, 14

*Buechler v. Your Wine & Spirit Shoppe, I*
    *nc.,*846 F.Supp.2d 406, 415 (D. Md. 2012),
    *affirmed*, 479 Fed. Appx. 487 (4th Cir. 2012)................................................11

*Flexiteek Americas, Inc. v. PlasTEAK, Inc.,*
    2012 Westlaw 5364247 (S.D. Fla. Oct. 31, 2012) .........................................5

*In Re AD-II Engineering, Inc.,*
    249 Fed. App. 826 (Fed. Cir. 2007) ..............................................................2

*In re BNY ConvergEx Group, LLC,*
    *404 Fed. Appx.* 484 (Fed. Cir. 2010) .............................................................3

*In re Bridgeport Fittings,*
    367 Fed. Appx. 120 (Fed. Cir. 2009) .............................................................3

*In re GenSci Orthobiologics, Inc.*
    10 Fed. Appx 808 (Fed. Cir. 2001) ...............................................................3

*In re Haney,*
    121 F.3d 726 (Fed. Cir. 1997) .......................................................................3

*In re IXYS Corp.,*
    148 Fed. Appx. 933 (Fed. Cir. 2005) .............................................................3

*In re Roche Molecular Systems, Inc.,*
    .516 F.3d 1003 (Fed. Cir. 2008) ....................................................................3

*In re Voter Verified, Inc.*
    2010 Westlaw 1816686 (Fed. Cir. 2010) ......................................................3

*International Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363 (Fed. Cir. 2004) ..........4

*KSR Intern. Co. v. Teleflex, Inc.*,
    550 U.S. 398 (2007)..............................................................................13

*Lampley v. Mitcheff*,
    2009 Westlaw 1322981 (N.D. Ind. 2009) ....................................................11

*Lopez v. Metropolitan Government of Nashville*,
    2008 Westlaw 913085 (M.D. Tenn. April 1, 2008) ............................... 11, 12

*Mississippi Chemical Corporation v. Swift Agricultural Chemicals Corporation*,
    717 F.2d 1374 (Fed. Cir. 1983) ......................................................................2

*Scanner Technologies, Corp v. ICOS Vision Systems Corp., N.V.* ,
    528 F.3d 1365 (Fed. Cir. 2008) ......................................................................6

*Shelcore , Inc. v. Durham, Indus., Inc.*
    745 F.2d 621 (Fed. Cir. 1984) ........................................................................6

## Statutes

Fed. Cir. R. 21(c) .................................................................................................1

Fed. R. Civ. P. 56 ....................................................................................... 2, 12, 13

U.S.C. § 112(d) ......................................................................................................6

## MPEP

MPEP § 1455 ........................................................................................................5

MPEP § 2260.01 ...................................................................................................5

# INTRODUCTION

This reply is filed pursuant to Fed. Cir. R. 21(c).   As an initial matter, Petitioners inform this Court that the date for jury selection has been moved to September 9, 2013.

Respondent has presented a lengthy Response with significant law. However, much of Respondent's arguments and law do not directly address Petitioners' contentions.

As to the district court's refusal to follow the USPTO's August 21, 2012 final action regarding amended claim 2, Respondent restricts his case law and arguments to what would happen if a claim had been cancelled; Respondent does not address the fact that claim 2 was amended, not cancelled.

As to the district court's refusal to allow Petitioners to file summary judgment against the 10 new claims of May 13, 2013, Respondent's argument does not address the total denial of a right to file a summary judgment motion; instead Respondent addresses a court's right to deny a motion that has been filed or to restrict time frame for filing a motion.

Petitioners respectfully ask that the Court consider the issues Petitioners actually presented, not the issues Respondent chose to address.

## LEGAL ARGUMENT

**1.     Respondent's Summary Judgment Case Law is Inapplicable to the Facts of This Case; Mandamus may be Granted**

Respondent argues that summary judgment is not available in mandamus proceedings and accordingly Petitioners' request for mandamus relief should be denied.   (Response at 8-10.)   However, Respondent's argument fails for three reasons.   First, Respondent's case law does not support Respondent's argument. Second, as to summary judgment on claim 6, *Mississippi Chemical Corporation* expressly teaches that summary judgment is appropriately granted through a writ of mandamus to protect issue preclusion rights.   *Mississippi Chemical Corporation v. Swift Agricultural Chemicals Corporation,* 717 F.2d 1374 (Fed. Cir. 1983).   Third, as to summary judgment on new claims 30-32, 35-39, and 41-42, Petitioners do not request that summary judgment be granted; instead, they simply request the right to **file** their motion in accordance with Fed. R. Civ. P. 56.

Petitioners have already briefed the court as to its second and third points in its Petition.   Accordingly, Petitioners address only the case law relevancy.

Respondent supports its argument that mandamus is unavailable for Petitioners by citing to a number of cases.   These cases do not apply to Petitioners' situation.

Some of Respondent's cited cases involve denial of mandamus for summary judgment: *In Re AD-II Engineering, Inc.*, 249 Fed. App. 826, 827   (Fed. Cir. 2007)

2

(mandamus denied regarding summary judgment to prevent a new claim from being added); *In re GenSci Orthobiologics, Inc.* 10 Fed. Appx 808, 809 (Fed. Cir. 2001) (mandamus denied regarding summary judgment based on admissions made by a party); *In re Haney*, 121 F.3d 726 (Fed. Cir. 1997) (mandamus denied regarding summary judgment where there is still a factual dispute); *In re Roche Molecular Systems, Inc.*, 516 F.3d 1003 (Fed. Cir. 2008) (per curiam) (mandamus denied regarding summary judgment based on standing).   None of these cases deal with the fundamental and extraordinary right to issue preclusion (Petitioners' issue for claim 6) or deal with whether a summary judgment motion can be filed at all (Petitioners' issue for new claims 30-32, 35-39, and 41-42.

Some of Respondent's cited cases do not substantively discuss summary judgment at all.   *In re BNY ConvergEx Group, LLC, 404 Fed. Appx.* 484 (Fed. Cir. 2010) (does not deal with summary judgment); *In re Voter Verified, Inc.* 2010 Westlaw 1816686 (Fed. Cir. 2010) (deals with whether mandamus should be issued to enter a default judgment, and only briefly mentions summary judgment as one of the items that might be affected);   *In re Bridgeport Fittings,* 367 Fed. Appx. 120 (Fed. Cir. 2009) (four sentences long with no substantive discussion).

The closest case to being at all relevant which is mentioned by Respondent is *In re IXYS Corp.* 148 Fed. Appx. 933 (Fed. Cir. 2005).   This case involved a mandamus petition seeking enforcement of the appellate court's prior order in the

case to obtain summary judgment.   The Federal Circuit declined to issue

mandamus.   However, in the previous case the Federal Circuit had already reversed

the district court in part and in part remanded the case to the district court for further

proceedings.  *International Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1366

(Fed. Cir. 2004).   It is not clear in the very brief decision of *In re IXYS Corp.* if the

mandamus was simply denied due to the fact that the case had already been

remanded to the district court.   Accordingly, the case is of doubtful precedence.

Finally, Respondent states: "The Fifth Circuit has soundly rejected the notion

of parties having a mandamus-worthy right to summary judgment.  *Black v. J.I.*

*Case Co., Inc.*, 22 F.3d 568 (5th Cir. 1994).   (Response at 10.)   However, *Black*

does not even mention mandamus.

Respondent's long line of case law simply is not on point and appears to be

based on research done for quantity instead of quality.

**2.      The August 21, 2012 Final Action of the USPTO Amending Base Claim 2 Should Be Applied to Petitioners' Motion for Summary Judgment on Dependent Claim 6.**

A.      <u>Dependent Claims for Which the Base Claims Have Been Amended Include the Limitation of the Amended Base Claim, not the Limitation of the Original Base Claim.</u>

In the original version of the '669 patent, claim 2 read in relevant part, "A

system according to claim 1...."   (Exhibit 1, p. 12.) However, in the Reexamination

Certificate, claim 2 now reads, "A system according to claim [1] *51* ...." (italics and

brackets in Reexamination Certificate).1   Claim 1 was cancelled.   (Petitioners'

Exhibit 1, p. 15.)

Petitioners moved for summary judgment on the grounds that under the

Reexamination Certificate, claim 6 depended on claim 2, and claim 2 depended on

claim 51.   (Petitioners Exhibit 2.) Claim 51 specifies the use of a "digital camera"

(Petitioners' Exhibit 1, p. 16); Petitioners use an analog camera and therefore do not

infringe claim 6 of   the '669 patent. (Petitioners' Exhibit 2, p. 6-8, 13-18.)

Respondent provides excessive argument and case law regarding the

continued viability of cancelled base claims for uncanceled dependent claims.

(Response at 6, 12-15).   For example, if claim 66 was dependent on claim 65, and

claim 65 got cancelled, dependent claim 66 could still validly include the limitations

of cancelled claim 65.   MPEP § 2260.01.   Petitioners agree.   That is not at issue in

this case.   Despite Respondent's assertions, none of the cited cases by Respondent

deal with claims that depend on **amended** claims:   *Aviva Sports, Inc. v. Fingerhut*

*Direct Marketing, Inc.,* 2012 WL 6015538, *5 FN2 (D. Minn. Dec. 3, 2012) (claim

was not amended); *Flexiteek Americas, Inc. v. PlasTEAK, Inc.*, 2012 Westlaw

5364247, *2 (S.D. Fla. Oct. 31, 2012) (claim 2 depended on cancelled--not

amended--claim 1); *Applera Corp. v. MJ Research Inc.,* 292 F.Supp.2d 348,

359-360 (D. Conn. 2003) (claim 45 depends on cancelled--not amended--claims 44

---

1 Reissued patents show deleted material in brackets and new material in
italics. MPEP § 1455.

and 40); *Shelcore , Inc. v. Durham, Indus., Inc.* 745 F.2d 621, 624 (Fed. Cir. 1984) (discusses neither amended nor cancelled claims);   *Scanner Technologies, Corp v. ICOS Vision Systems Corp., N.V.* , 528 F.3d 1365 (Fed. Cir. 2008) (discusses neither amended nor cancelled claims). Despite Respondent's criticism that it is "curious" that Petitioners could not find a case deciding the issue of whether a dependent claim incorporates the amended version of base claim, Respondent could not either. (Response at 15.)

Instead, it is so obvious that the dependent claim includes the limitations of the amended base claim, not the original version of the base claim, that there is no case law on this issue.   Case law assumes this to be correct and reads amended claims accordingly.   (Petition at 15.)

Pursuant to U.S.C. § 112(d), a claim based on another claim includes the limitations of the other claim: "... A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." Amended claim 2 includes the limitations of claim 51; accordingly, dependent claim 6 also includes the limitations of claim 51.

B.    Collateral Estoppel is Available for a USPTO Ruling on a Base Claim.

Respondent argues that collateral estoppel applies only if a claim has been invalidated and that claim 6 has not been invalidated. (Response at 5-6, 11)

Respondent cites no case law for this proposition.[2]    Respondent ignores that claim 6 is dependent on amended base claim 2, yet the district court is requiring Petitioner to go to trial on claim 6 as dependent on original base claim 2. This usurps the authority of the USPTO in its final action of August 21, 2012 and denies Petitioners their right not to have to relitigate this issue.

C.    Petitioners' Base their Argument on the USPTO Final Action of August 21, 2012, not the June 26, 2013 USPTO Second Reexamination Order.

Respondent suggests that Petitioners base their claim regarding usurpation of the USPTO's powers on the June 26, 2013 order the USPTO in the second reexamination.    Respondent correctly points out that this is not a final action. Response at 15-18.

However, as Petitioners made clear in their petition, Petitioners' usurpation argument is based on the August 21, 2012 USPTO Reexamination Certificate. This action was final and therefore must be followed by the district court.    In the August 21, 2012 Reexamination Certificate, claim 2 was amended to be dependent on claim 51.    Since claim 6 depends on claim 2, it is also dependent on claim 51.

Respondent argues that since the pending reexamination includes claim 6, then the August 21, 2012 final action is irrelevant.    However, the pending

---

[2]Petitioners acknowledge that there is very little case law on mandamus and collateral estoppel issues.    Thus, reasonable application of the existing case law is particularly important.    Respondent's suggestion to limit the authority of the USPTO is not reasonable.

reexamination will not affect claim 2.   The USPTO has made a final decision as to claim 2, and it should be followed by the district court.

**3.    Petitioners have the Right to File a Motion for Summary Judgment as to the May 13, 2013 Claims 30-32, 35-39, and 41-42.**

A.    Confusion as to Timing of Summary Judgment Motions

As an initial matter, Petitioners provide a time line of relevant incidents. Respondent argues that Petitioner should have only had one summary judgment motion or that Petitioner should have requested, in its first motion, summary judgment on claim contentions that did not yet exist.   The time line is provided to clear up the confusion created by Respondent's arguments.

TIMELINE:

| | |
|---|---|
| May 26, 2010 | Complaint filed |
| September 14, 2010 | USPTO Reexamination begun; no reexamine of claim 6 requested (Respondent's Exhibit 1). |
| July 26, 2012 | Letter brief filed by Petitioners requesting permission to file summary judgment (Respondent's Exhibit 7). |
| August 21, 2012 | USPTO Reexamination Certificate (a final action) issued amending claim 2 from which claim 6 depends (Petitioners' Exhibit 1 (Exhibit A to Plaintiff's Amended Complaint)).   Claim 2 amended to depend from claim 51, which includes a digital camera limitation. |

8

| September 14, 2012 | Letter brief amending July 26, 2012 request for permission to file summary judgment based on the USPTO Reexamination's digital camera limitation (from claim's 6 dependence on amended claim 2's dependence on new claim 51). |
| October 10, 2012 | Petitioners granted permission to file summary judgment motion (Petitioners' Exhibit 11, attached hereto and incorporated by reference). |
| October 17, 2012 | Respondent files motion for leave to add new claims 30-32, 35-39, 41-42 and withdraw various other infringement   contentions, including his infringement contention for claim 2.[3] (Petitioners' Exhibit 12, attached hereto and incorporated by reference.). |
| November 30, 2012 | Petitioners file Motion for Summary Judgment (Petitioners' Exhibit 2)[4] |

---

[3]Respondent is concerned that Petitioners left out the fact that Respondent had withdrawn his infringement of claim 2 contention.   (Response at 1, FN1.) Petitioners left out this fact because it is irrelevant; claim 6 still depends on claim 2.

[4]Petitioners also filed a second motion for summary judgment on February 28, 2013 relating to claim 6, which was stricken by the district court on March 25, 2013 and is not at issue in this mandamus proceeding.   Respondent has attached these documents as Exhibits 9 and 10.

| | |
|---|---|
| April 3, 2013 | Original deadline to file dispositive motions. (Petitioners' Exhibit 10.) |
| May 13, 2013 | Order issued 1) denying Petitioners' summary judgment motion as to claim 6 based on misuse of original base claim 2 instead of amended base claim 2; and 2) granting Respondent leave to add claims 30-32, 35-39, 41-42 and withdraw other claims. (Petitioners' Exhibit 3.) |
| May 21, 2013 | Petitioners file motion for reconsideration of May 13, 2013 order. (Petitioners' Exhibit 5.) |
| May 30, 2013 | Second Request for Reexamination (this time requesting reexamination of claim 6) (Respondent's Exhibit 4). |
| June 26, 2013 | USPTO order granting reexamination of patent as to new claims and claim 6 (not a final action) (Petitioners' Exhibit 4). |
| June 28, 2013 | Petitioners file letter brief requesting permission to file summary judgment motion on new claims 30-32, 35-39, 41-42 (Petitioners' Exhibit 7). |
| July 8, 2013 | Order denying motion for reconsideration and setting new dispositive motion deadlines (Petitioners' Exhibit 6). |

July 8, 2013                    Court denies letter brief request for new claims 30-32,

35-39, and 41-42. (Petitioners' Exhibit 9.)

August 2, 2013                 Revised deadline for filing dispositive motions per July 8,

2013 order.   (Petitioners' Exhibit 6.)

B.    Petitioners Need Not File Anticipatory Summary Judgment Against Claims that Are Not Yet Part of the Case

Respondent argues that Petitioners should have addressed the 10 new claims

(30-32, 35-39, and 41-42) in their summary judgment motion filed on November 30,

2012.   Response at 6, 19-22.   However, this is misleading for two reasons.   First,

the new claims, while requested in October 2012, were not approved by the court

until May 13, 2013.   It would be illogical to ask for summary judgment on a claim

that did not yet exist.[5]    Second, that issue was not approved by the district court in

---

[5]There is some case law involving the related concept of whether a motion to amend a pleading moots a pending summary judgment motion.   Many courts adopt the position that this is illogical and a waste of court time; instead the summary judgment motion is treated as applying to the amended pleading where still appropriate. *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F.Supp.2d 406, 415 (D. Md. 2012), *affirmed*, 479 Fed. Appx. 487 (4th Cir. 2012); *Lampley v. Mitcheff*, 2009 Westlaw 1322981 (N.D. Ind. 2009).   Other courts take the position that the pending summary judgment is moot in light of the amended pleading, and then give the opposing side the opportunity to file a new motion for summary judgment. *Lopez v. Metropolitan Government of Nashville*, 2008 Westlaw 913085, *2-3 (M.D. Tenn. April 1, 2008).While these cases are not directly on point, if the Court chooses to follow their reasoning, it would still not avail Respondent. Under both set of court opinions, Petitioners would not be foreclosed from filing summary judgment as to the new claims.

its order, and would not have been likely to be approved given that the district court had not yet approved adding the 10 new claims to the lawsuit.

  C. <u>Petitioners are Not Limited to One Summary Judgment Motion</u>.

  Respondent suggests that Petitioners should not be allowed to file an additional motion for summary judgment. Response at 22-28.   However, Respondents point to no law to support this argument.   It is not atypical for a court to grant the right to file a new summary judgment motion in light of an amended pleading. *See, e.g., Lopez,* at 3.   In fact, in Petitioner Vigilant Video's case, the district court itself extended the deadline for filing dispositive motions after the new claims had been allowed, which appears to be an acknowledgement that new dispositive motions are appropriate following new claims being added.

  Respondent correctly points out that district courts have discretion to manage their caseload and set deadlines.   (Response at 22-26.)   However, there is no right for a district court to simply abrogate Fed. R. Civ. P. 56 altogether.   The district court extended the dispositive motion deadline to August 2, 2013, yet is refusing to allow Petitioners to file a dispositive motion (and does not even explain why).   This is a clear abuse of discretion.

  D. <u>Petitioners Not Required to Raise Prior Art to Prevent Respondent from Filing New Claims</u>

  Respondent argues that Petitioners should have raised the Boyette patent as prior art to the new claims in its opposition to Respondent's motion to amend its

claims.   (Response at 27-29.)   Respondent cites to no case law in support of its argument.   Prior art is a substantive factual issue properly the subject of summary judgment.   *KSR Intern. Co. v. Teleflex, Inc.*, 550 U.S. 398. 427 (2007) (summary judgment granted based on prior art).   A response to a motion to amend is not the proper method for presenting the issue to the court, and a court cannot grant a dispositive ruling based on an opposition to a motion to amend.   Petitioners' choice to use the summary judgment procedure offered by Fed. R. Civ. P. 56 was correct.

**4.      Petitioners' Use of Less-than-a-Month to File Mandamus Petition Does Not Justify Waiver**

Respondent argues that Petitioners have delayed too long to bring their petition for mandamus.   However, the order denying Petitioners motion for reconsideration regarding amended claim 2's effect on claim 6 was filed on July 8, 2013; likewise, the order denying Petitioners right to file a summary judgment motion as to the 10 new claims was denied on July 8, 2013.   Petitioners filed the mandamus proceeding on August 2, 2013; less than a month from the orders at issue. Respondent's claim that Petitioner's have improperly delayed filing the mandamus petition is frivolous.

**5.      Irrelevant Arguments Made by Respondent.**

Respondent has added to his response various complaints against Petitioners that are irrelevant to this mandamus action. As this Court no doubt assumes,

Petitioners have their own complaints against Respondent's conduct in this matter.[6] However, Petitioner will restrict itself to rebutting Respondent's complaint that Petitioners did not notify the USPTO about the district court's ruling that claim 6 depended on original claim 2 instead of amended claim 2.   Petitioners have no duty to notify the USPTO of this decision in the second reexamination as Petitioners were not seeking USPTO input on claims 1 or 2; instead, Petitioners were presenting prior art on claim 6 and the 10 new claims.   (Respondent's Exhibit 4, p. 1.)   The USPTO on its own initiative recapped its August 21, 2012 ruling that claim 6 depends on amended claim 2 which depends on claim 51.

**6.     Lack of Adequate Remedy**.

Finally, Respondent argues that Petitioners have an adequate remedy. Petitioners generally refer the Court to their Petition on this issue.   In addition, Petitioners point out that pursuant to *Black v. J.I. Case Co., Inc.*, 22 F.3d 568, 570 (5th Cir. 1994), as explained by Respondent (Response at 10), the Fifth Circuit has ruled there is no appeal right to denial of summary judgment. This potentially leaves Petitioners in the remediless situation where their motions for summary judgment are denied, the district court (consistent with its claim dependency ruling) at trial does not allow Petitioners to discuss claim 51's digital camera limitation, and

---

[6]For example, Petitioners have their own "meet and confer" complaints against Respondent.

accordingly Petitioners wrongfully lose at trial.   Mandamus is the only adequate

remedy for Petitioners.

      DATED August 14, 2013.          Respectfully submitted,

                                      /s/ Roy B. Thompson
                                      Roy B. Thompson

## EXHIBITS IN SUPPORT OF PETITION

11.    Order, October 10, 2012

12.    John B. Adrain's Opposed Motion for Leave to Amend Dislosure of Asserted
       Caims and Infringement Contentions, Filed October 17, 2012

# EXHIBIT 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-173-JRG |
| | § | |
| VIGILANT VIDEO INC., *et al.*, | § | |
| Defendants. | § | |
| | § | |
| | § | |

### ORDER

The Court previously ordered that leave of Court must be obtained for certain motions. On July 26, 2012, Defendants filed a letter brief requesting leave to file a Motion for Summary Judgment.   (Dkt. No. 115.)   After considering the parties written submissions, the Court **GRANTS** Defendants leave to file a Motion for Summary Judgment on the issues presented in the opening and reply letter briefs.

**So ORDERED and SIGNED this 10th day of October, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

Exhibit 11
Page 1

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:10-cv-173 |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| VIGILANT VIDEO, INC. and THE CITY OF | § | |
| PORT ARTHUR, TEXAS, | § | |
| | § | |
| Defendants. | § | |

## JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

### I.   Introduction

Pursuant to Local Patent Rule 3-6(b), Plaintiff John B. Adrain ("Adrain") seeks leave to amend his Disclosure of Asserted Claims and Infringement Contentions that were served on Defendants Vigilant Video, Inc. ("Vigilant") and The City of Port Arthur, Texas ("Port Arthur") on June 3, 2011 ("Preliminary Contentions").

In this case, Adrain asserted U.S. Patent No. 5,831,669 ("the '669 patent") – related to a system for monitoring a space with a movably mounted camera, detecting images, extracting data from those images, and comparing the data to various types of data. Adrain's infringement allegations are directed at Vigilant for its use, manufacture, sale, offer for sale, and/or importation of mobile license plate recognition systems, referred to as the CarDetector, that infringe the '669 patent, as described in Adrain's Preliminary Contentions. Adrain contends that Port Arthur infringes the '669 patent by using those mobile license plate recognition systems.

JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND
DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

Exhibit 12
Page 1

On June 3, 2011, Adrain served his Preliminary Contentions, identifying the accused instrumentalities of the defendants that infringe the '669 patent – the CarDetector mobile license plate recognition system. At the time Adrain served his Preliminary Contentions, the '669 patent was undergoing an *ex parte* reexamination in the USPTO that was initiated by defendant Vigilant. On August 21, 2012, a reexamination certificate issued for the '669 patent, indicating that certain claims had been amended, cancelled, or added and that some claims were not subject to/ changed as a result of the reexamination. Vigilant and Port Arthur infringe the newly-issued claims in the reexamined '669 patent, specifically, new claims 30-32, 35-39, and 41-42. Significantly, these claims do not include the "digital camera" limitations that appear in some of the other newly-issued claims.

Moreover, Adrain recently deposed corporate witnesses for Vigilant and Port Arthur on September 20, 2012 and September 24, 2012, respectively. These witnesses provided testimony that supports Adrain's infringement allegations, including facts that show these new claims are also infringed by Defendants' CarDetector mobile license plate recognition system. Accordingly, Adrain seeks to amend his Preliminary Contentions to incorporate newly-issued claims 30-32, 35-39, and 41-42 of the '669 patent, as well as information learned during the depositions Defendants' witnesses.

## II.    Argument

### A.    Good Cause Exists to Grant Adrain's Motion for Leave to Amend

The four factors this Court uses to determine whether a motion for leave to amend should be granted include "(1) the explanation for the failure to meet the deadline; (2) the importance of the

**JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND**
**DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** Page 2 of 10

Exhibit 12
Page 2

thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Arbitron, Inc. v. Int'l Demographics Inc.* No. 2:06-CV-434, 2009 U.S. Dist. LEXIS 3191, *3-4 (E.D.Tex. Jan. 16, 2009).

### 1.    Explanation for failure to meet the deadline

The first factor in this Court's analysis of whether good cause exists to allow amendment is whether plaintiff supplied a proper explanation for its failure to meet the deadline. *Arbitron*, 2009 U.S. Dist. LEXIS 3191, *3-4. With respect to the first factor, Adrain could not possibly have met the June 3, 2011 deadline with respect to the newly-added claims in the reexamination certificate issued for the '669 patent, as it was issued on August 12, 2012. *See* David Decl., ¶ 3, Ex. 1. As the Reexamination Certificate shows, claims 1 and 11 were cancelled. *Id.* Claims 2, 3, and 7-10 were amended. *Id.* Claims 4-6 and 12-20 were not altered during the reexamination. *Id.* Claims 21-52 were added in the reexamination. *Id.* Adrain now seeks to assert infringement of a subset of the new claims, claims 30-32, 35-39, and 41-42. Adrain could not have asserted infringement of these claims with his Preliminary Contentions, as they did not legally exist until the reexamination certificate for the '669 patent issued on August 12, 2012.

Further, Adrain did not delay in the filing of this motion; during that time period, Adrain collected additional evidence of infringement. As part of this process, Adrain attempted to depose Defendants' corporate witnesses in June 2012. However, Adrain's attempts at deposing these witnesses were hampered by Defendants' refusal to present their witnesses for deposition at that time. Adrain was therefore forced to file a motion compelling their depositions. (Doc. 104). The Court ordered that Defendants provide counsel for Adrain with dates during September 2012 in

**JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND
DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** Page 3 of 10

Exhibit 12
Page 3

which it would make its Rule 30(b)(6) witnesses available for deposition. (Doc. 113). Adrain was finally able to depose corporate witnesses for Vigilant and Port Arthur, on September 20, 2012 and September 24, 2012, respectively. The corporate witnesses provided Adrain with information relevant to his infringement contentions, such as information related to the use of infrared cameras in the defendants' products, for example. Adrain could not have included this testimony in his Preliminary Contentions, as these depositions were conducted very recently.

Accordingly, Adrain did not delay in bringing his motion for leave to amend his Disclosure of Asserted Claims and Infringement Contentions. Rather, Adrain brought his motion as soon as he could, in view of the closure of the reexamination proceedings and this case's deposition schedule.

### 2.     Importance of the thing that would be excluded

The second factor is the importance of the thing that would be excluded. *Arbitron*, 2009 U.S. Dist. LEXIS 3191, *3-4. The importance of the thing that would be excluded is clear here – Defendants contend that the presently-asserted claims of the '669 patent require a "digital" camera, despite the Court's rejection of this argument.[1] Because of the reexamination it is clear that Defendants will continue to make this argument. As an example, Defendants contend in their Letter Brief seeking permission to file a motion for summary judgment that they do not infringe the currently-asserted claims of the '669 patent because their system does not include a digital camera. (Doc. 115). Newly-issued claims 30-32, 35-39, and 41-42 do not require a "digital" camera (as shown in the chart in subsection 3, below). Defendants' primary non-infringement contention is therefore inapplicable to these claims, making it extremely important that these claims be permitted

---

[1]     Nor does original claim 6 of the '669 patent, which indirectly depends from cancelled claim 1, include the "digital" limitation.

**JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND**
**DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** Page 4 of 10

Exhibit 12
Page 4

to be added. Moreover, Adrain assumes that Defendants would contend that Adrain is precluded from bringing suit in the future against Defendants on these new claims. This would severely prejudice Adrain. Accordingly, this factor weighs heavily in favor of allowing Adrain's motion for leave to amend his infringement contentions.

### 3.   The potential prejudice in allowing the thing that would be excluded

The third factor is the potential prejudice that would occur in allowing the thing that would be excluded. *Arbitron*, 2009 U.S. Dist. LEXIS 3191, *3-4. The defendants will not suffer prejudice if Adrain is allowed to amend his infringement contentions. Claims 30-32, 35-39, and 41-42 are very similar to claims 1-10 of the originally-issued '669 patent. The primary change in the new claims is the addition of a limitation related to infrared cameras. This is further illustrated by the below chart, in which the differences between new Claim 30 and original Claim 1 (now cancelled) are highlighted in bold.[2]

| Originally-issued claims | Reexamined claims |
|---|---|
| **Claim 1.** A monitoring system comprising | **Claim 30.** A monitoring system comprising: |
| a movably mounted camera adapted for receiving images of a space to be monitored; | a movably mounted camera adapted for receiving images of a space to be monitored **by detecting RADAR, thermal, or infrared images or for detecting images through an opaque material;** |
| an interpreter for receiving image data from a camera; | an interpreter for receiving image data from the camera; |
| a reference memory for storing reference image data; | a reference memory for storing reference image data; |
| a comparator connected for comparing image data from the interpreter to image data from | a comparator connected for comparing image data from the interpreter to image data from |

---

2       Claim 41 claims "The monitoring system of claim 30, further comprising an additional camera for receiving images for outputting to said interpreter." Claim 42 claims "A system according to claim 30 wherein infrared images are detected by said camera."

**JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND**
**DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** Page 5 of 10

Exhibit 12
Page 5

| | |
|---|---|
| the reference memory according to selected comparison criteria, wherein the interpreter and comparator cooperate to select recognizable portions of image data in the space being monitored, the selected image portions being compared to the image data in the reference memory; and | the reference memory according to selected comparison criteria, wherein the interpreter and comparator cooperate to select recognizable portions of image data **among unrecognized portions of image data** in the space being monitored, the selected image portions being compared to the image data in the reference memory; and |
| an output interface for reporting results of the image data comparisons performed by the comparator. | an output interface for reporting results of the image data comparisons performed by the comparator. |
| **Claim 2.** A system according to claim 1 further comprising a programmer for inputting the comparison criteria to the comparator. | **Claim 31.** A system according to claim 30 further comprising a programmer for inputting the comparison criteria to the comparator. |
| **Claim 3.** A system according to claim 2 wherein the programmer is connected for inputting analysis criteria to the interpreter and the interpreter is adapted for analyzing the image data according to the analysis criteria. | **Claim 32.** A system according to claim 31 wherein the programmer is connected for inputting analysis criteria to the interpreter and the interpreter is adapter for analyzing the image data according to the analysis criteria. |
| **Claim 6.** A system according to claim 2 wherein the programmer is connected for inputting utilization criteria, the output interface being adapted for reporting selected comparison results according the utilization criteria. | **Claim 35.** A system according to claim 31 wherein the programmer is connected for inputting utilization criteria, the output interface being adapted for reporting selected comparison results according [to] the utilization criteria. |
| **Claim 7.** A system according to claim 1 wherein the camera is mounted on a vehicle. | **Claim 36.** A system according to claim 30 wherein the camera is mounted on a vehicle. |
| **Claim 8.** A system according to claim 1 wherein the record memory is adapted for storing information associated with the image data stored. | **Claim 37.** A system according to claim 30 wherein the reference memory is adapted for storing information associated with the image data stored. |
| **Claim 9.** A system according to claim 1 wherein the interpreter selects images according to analysis criteria so that only the selected images are input to the comparator for comparison to reference images. | **Claim 38.** A system according to claim 30 wherein the interpreter selects images according to analysis criteria so that only the selected images are input to the comparator for comparison to reference images. |

**JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** Page 6 of 10

Exhibit 12
Page 6

| Claim 10. A system according to claim 9 wherein the selected images represent only portions of a larger image. | Claim 39. A system according to claim 38 wherein the selected images represent only portions of a larger image. |
|---|---|

No new terms would need to be construed from the addition of these claims, and Plaintiff's infringement theories remain the same. This eliminates any possibility of prejudice to the defendants. Further, the defendants are well-aware of the '669 patent, as well as its reexamination file history and the newly-added claims. Indeed, it was defendant Vigilant that requested the reexamination of the '669 patent and during the claim construction phase of this case, it was Defendants that were repeatedly submitting material from the reexamination proceedings to the Court. Defendants cannot argue that they did not know the '669 patent would reissue with modified claims, as they had knowledge since at least the claim construction briefing in this matter that the claims were pending. Defendants cannot reasonably argue that they would suffer prejudice from an amendment, as they have clearly been aware of the potential additional claims to the '669 patent for some time. This factor weighs heavily in favor of allowing Adrain's motion for leave to amend his infringement contentions.

### 4. The availability of a continuance to cure such prejudice

The fourth factor is the availability of a continuance to cure any prejudice. *Arbitron*, 2009 U.S. Dist. LEXIS 3191, *3-4. Here, the defendants would not suffer prejudice if Adrain is allowed to amend his Disclosure of Asserted Claims and Infringement Contentions. Accordingly, the availability of a continuance to cure such prejudice is therefore irrelevant. However, even if the defendants were to suffer some sort of prejudice, there are still many months until this case goes to

**JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND**
**DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** Page 7 of 10

Exhibit 12
Page 7

trial in June 2013.  There is ample opportunity for any such prejudice to be cured.  This factor

weighs in favor of granting Adrain's motion for leave to amend his Disclosure of Asserted Claims

and Infringement Contentions.

**III.    Conclusion**

      For the above reasons, Adrain respectfully requests that the Court find that good cause has

been shown and that this motion should be granted.  A proposed Order is submitted herewith.


      Respectfully submitted,


Dated:  October 17, 2012      By:   /s/ Jeffrey S. David      
      John T. Polasek
      State Bar. No. 16088590
      tpolasek@pqelaw.com
      C. Dale Quisenberry
      State Bar No. 24005040
      dquisenberry@pqelaw.com
      Jeffrey S. David
      State Bar No. 24053171
      jdavid@pqelaw.com
      POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
      6750 West Loop South, Suite 920
      Bellaire, Texas 77401
      Telephone: (832) 778-6000
      Facsimile: (832) 778-6010

      S. Calvin Capshaw
      State Bar No. 03783900
      ccapshaw@capshawlaw.com
      Elizabeth L. DeRieux
      State Bar No. 05770585
      ederieux@capshawlaw.com
      CAPSHAW DERIEUX, L.L.P.
      114 East Commerce Avenue
      Gladewater, Texas 75647

Exhibit 12
Page 8

Telephone: (903) 236-9800
Facsimile: (903) 236-8787

ATTORNEYS FOR PLAINTIFF

**JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND
DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** Page 9 of 10

Exhibit 12
Page 9

## CERTIFICATE OF CONFERENCE

Counsel for Adrain has made several attempts to have a meet and confer with Defendants' Counsel, Roy Thompson and Mark Hubert, without success. Counsel for Adrain, on October 10, 2012 contacted counsel for Defendants to set up a telephone conference on either October 11, 2012 or October 12, 2012 in an effort to further resolve this matter without the Court's assistance. The office for Counsel for Defendants, however, informed counsel for Adrain that those dates would not work because Mr. Thompson was ill, but that the following week should work. On October 15, 2012, counsel for Adrain again attempted to set up a phone conference with Defendants' counsel. Counsel for Defendants, however, again delayed, with the office of Defendants' counsel stating that they were unavailable for a meet and confer until at least October 22, 2012, because Mr. Thompson was at a conference for the duration of the week of October 15, 2012. Counsel for Adrain replied in an email, dated October 15, 2012, advising that Mr. Adrain's counsel was ready and available for a conference at any time, and inquiring as to whether Mr. Hubert could appear for a meet and confer on October 15, 2012 or October 16, 2012. The office of counsel for Defendants thereafter advised that Mr. Thompson may be available on Wednesday, October 17, 2012. The office of counsel for Defendants did not indicate whether Mr. Hubert could participate in a conference. Counsel for Plaintiff advised that they would speak with Mr. Thompson at his earliest availability. Counsel for Plaintiff heard nothing further regarding the meet and confer from counsel for Defendants.

Counsel for Adrain has been unable to meet and confer with Defendants; in the interest of time and to avoid prejudice to Adrain, the undersigned certifies that Counsel for Adrain attempted, in good faith to meet and confer regarding the subject of this motion.

/s/   Jeffrey S. David

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 17th day of October, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/   Jeffrey S. David

**JOHN B. ADRAIN'S OPPOSED MOTION FOR LEAVE TO AMEND
DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** Page 10 of 10

Exhibit 12
Page 10

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

      1.    This brief [petition] complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(c)(2) and   Federal Rule of Appellate Procedure 21(d).

      The brief contains 15 pages (3, 280 words), excluding the parts of the brief exempted by rule.

      2.    This brief [petition] has been prepared in a proportionally spaced typeface using Times New Roman, font size 14.

DATED August 14, 2013.            */s/ Roy B. Thompson*
                                     Roy B. Thompson
                                     Attorney for Petitioners

# United States Court of Appeals
## for the Federal Circuit

*IN RE VIGILANT VIDEO, INC., et al., Misc. No. 13-161*

### CERTIFICATE OF SERVICE

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by **THOMPSON BOGRÁN, P.C.**, Attorneys for Petitioners to print this document.   I am an employee of Counsel Press.

On **August 14, 2013**, Petitioners have authorized me to electronically file the foregoing **Reply in Support of Petition** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

C. Dale Quisenberry
dquisenberry@pqelaw.com
John T. Polasek
polasek@pqelaw.com
Jeffrey Scott David
jdavid@pqelaw.com
Polasek Quisenberry & Errington, LLP
6750 W. Loop South, Suite 920
Bellaire, TX 77401
(832) 778-6000

Elizabeth L. DeRieux
ederieux@capshawlaw.com
Capshaw DeRieux, LLP
114 E. Commerce Avenue
Gladewater, TX 75647
(903) 236-9800

The Honorable Rodney Gilstrap
United States District Court
for the Eastern District of Texas
United States Courthouse
100 E. Houston Street, Room 125
Marshall, Texas 75670
(903) 935-3868

Deborah Race
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler TX 75711
drace@icklaw.com

August 14, 2013

/s/ Robyn Cocho
Counsel Press